BARNS, PAUL D., Associate Judge.
John W. Lake, the appellant-plaintiff, appeals from an interlocutory decree against him, the plaintiff, and in favor of a judgment-creditor, Boro Wood Products Company, Inc., adjudicating the lien of the Boro Wood judgment to have priority over the plaintiff’s purchase-money-mortgage sought to be foreclosed in this suit. We find error and reverse.
The purchase-money-mortgage was given by Pelican Enterprises, Inc. to secure a $65,000.00 note which was assigned to Lake for a consideration of $35,000.00 on May 4, 1960, on which there remained due and owing, at the time the suit was filed and the summary decree was entered, $44,000.00, plus interest. The judgment lien of Boro Wood attached subsequent to the time that Lake purchased the mortgage and note of Pelican Enterprises.
At the time the mortgage and note were executed and at the time Lake obtained title to them by assignment, Lake owned 666 shares of stock (of a total of 999 shares of stock outstanding) of the mortgagor-corporation, Pelican Enterprises, Inc., and was chairman of its board of directors. A decree pro confesso was entered against Pelican Enterprises, Inc.
The judgment-creditor, Boro Wood, by its answer and brief on this appeal in support of the decree appealed from, stands on the ground that, since Lake was an officer of Pelican Enterprises and was a controlling stockholder, he was in a fiduciary relationship with the corporation and its creditors and equity will protect the corporation against any unfair advantage obtained by him, particularly in the management of the corporate affairs, and the want of good faith in that regard.
There is nothing in the record showing bad faith on Lake’s part toward the corporation or its creditors. It is not contended that Pelican Enterprises was in a position to redeem the mortgage by paying the $35,000.00 paid by Lake for the assignment of the note and mortgage at that time or any subsequent time. The record is devoid of any evidence to support a holding that the judgment lien of Boro Wood Products Company, Inc. has, or ought to be given, priority over the prior lien of the previously recorded mortgage held by Lake.
The decree appealed from is reversed and the cause is remanded for further proceedings consistent with this opinion.
WALDEN, J., concurs.
ANDREWS, Acting C. J., concurs with separate opinion.